## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI as Trustee for the DBSI Litigation Trust and as Trustee for the DBSI Private Actions Trust,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON; CHARLES HASSARD; JOHN M. MAYERON; THOMAS VAR REEVE; GARY BRINGHURST; JEREMY SWENSON; DAVID SWENSON; MICK & ASSOCIATES PC LLO; BRYAN S. MICK; JOHN DOE 1-50; and XYZ CORPORATION 1-50,<br><br>Defendants. | Civ. No. 10-950-LPS |

### MEMORANDUM ORDER

At Wilmington, this 9th day of May, 2012:

Pending before the Court is a Motion for Reargument (D.I. 145 and, hereinafter, "Motion") filed by plaintiff James R. Zazzali, as Trustee for the DBSI Litigation Trust and Trustee for the DBSI Private Actions Trust ("Plaintiff"). By his Motion, Plaintiff asks the Court to reconsider its March 27, 2012 Order transferring this case to the District of Idaho. (D.I. 144) For the reasons set forth below, the Court will deny Plaintiff's Motion.

### I. LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district

court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec.30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## II.   DISCUSSION

Plaintiff presents two grounds for reconsideration. Neither is persuasive.

First, Plaintiff contends that the Court erred in determining that the convenience of the parties factor weighs in favor of transfer. (D.I. 145 at 4) Specifically, Plaintiff argues that although it has the assets of two trusts at its disposal to pay litigation costs, any increased

2

litigation costs only serve to reduce any potential recovery by defrauded investors. (*Id.* at 5) Additionally, Plaintiff argues that the Non-Mick Defendants'[1] litigation costs associated with this action are being paid out of a $5.5 million insurance policy.[2] (*Id.* at 5-6) Having considered Plaintiff's newly-asserted contentions, the Court concludes that the convenience of parties factor still weighs in favor of transfer. Plaintiff's newly-asserted contentions do not change the fact that the Non-Mick Defendants were not involved in the decision to file the DBSI bankruptcy in Delaware. Even considering the insurance policy, the Non-Mick Defendants may have to pay any litigation expenses beyond what is covered by the insurance policy.[3] Plaintiff has failed to show that there is a need to correct a clear error of fact to prevent manifest injustice.

Second, Plaintiff contends that the Court failed to recognize that the Trustee, a citizen of New Jersey, filed this action in his capacity as the fiduciary of two Delaware trusts and, therefore, is considered a citizen of Delaware for purposes of this litigation. Plaintiff argues that his Delaware citizenship alters two transfer factors: (1) Plaintiff's choice of forum and (2) local interests in dispute. (D.I. 145 at 7-8) However, in the circumstances here, viewing Plaintiff as a Delaware citizen does not significantly alter the Court's analysis for either factor. The Court found that Plaintiff's choice of Delaware as the forum to pursue this litigation was entitled to

---

[1]The "Non-Mick Defendants" are Douglas L. Swenson, Charles Hassard, John M. Mayeron, Thomas Var Reeve, Gary Bringhurst, Jeremy Swenson, David Swenson, John Doe 1-50, and XYZ Corporation 1-50.

[2]Defendants contend that the insurance policy is not a proper basis for reconsideration because Plaintiff was aware of the policy at the time the Court ruled on the Motion to Transfer. (*See* D.I. 151 at 3) The Court will treat Plaintiff's assertion of the insurance policy as timely.

[3]The parties dispute whether the insurance policy will cover all litigation expenses. (*See* D.I. 151 at 4)

"substantial weight" and, accordingly, that this factor weighed against transfer. (D.I. 143 at 13) The fact that Plaintiff is a citizen of Delaware for purposes of this litigation does not change this result – Plaintiff's choice of forum still weighs against transfer. Even according Plaintiff's choice of forum greater weight would not alter the overall balance of factors. With respect to the local interests in dispute factor, the Court already recognized that Delaware has some interest in this action because Delaware residents were harmed by the alleged fraud. (*See id.* at 19) Even accepting that this lawsuit was brought by a Delaware citizen and increasing Delaware's interest in the resolution of this case does not change the overall balance of factors. In sum, a manifest injustice did not result from the Court's failure to view Plaintiff as a Delaware citizen for purposes of this litigation.

Accordingly, Plaintiff's Motion is **DENIED**. The Clerk of Court is directed to **TRANSFER** this action to the District of Idaho.

_____
UNITED STATES DISTRICT JUDGE